# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MALCOMBE HOLCOMBE, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00522 |
| | § | Judge Mazzant |
| ADVANCED INTEGRATION | § | |
| TECHNOLOGY AND ADVANCED | § | |
| INTEGRATED TOOLING SOLUTIONS, | § | |
| LLC, | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Malcolm Holcombe's ("Holcombe") Motion to Compel Defendants Advanced Integration Technology ("AIT") and Advanced Integrated Tooling Solutions, LLC, ("AITS") to respond to certain Requests for Production[1] ("RFPs") (Dkt. #33). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted in part.

## BACKGROUND

Holcombe sued AIT and its subsidiary, AITS, (collectively, the "Defendants") for age discrimination (Dkt. #14 at pp. 7–8). At the center of the controversy is the allegation that Defendants fired Holcombe due to his age. On December 18, 2017, Holcombe served his first set of RFPs to AIT (Dkt. #33, Exhibit 1 at pp. 11–26). On February 27, 2018, April 13, 2018, and June 6, 2018, AIT served its responses and objections to Holcombe's first set of RFPs (Dkt. #33, Exhibit 1 at pp. 40–42). On April 3, 2018, the Court entered a Protective Order (Dkt. #24). Between June 6, 2018, and this motion, the parties discussed the allegedly inadequate responses (Dkt. #33, Exhibit 5 at p. 53).

---

[1] Though Holcombe filed his motion to compel against AIT and AITS, he only served RFPs on AIT. Accordingly, the Court's Order only compels AIT to comply with Holcombe's RFPs that are the subject of his motion to compel.

On June 22, 2018, Holcombe filed this motion, asking the Court to order AIT to fully respond to several RFPs[2] (Dkt. #33). On June 25, 2018, AIT sent its second supplemental responses to the RFPs[3] (Dkt. #36, Exhibit 6). On July 2, 2018, AIT filed its response (Dkt. #36). On July 6, 2018, Holcombe filed his reply (Dkt. #38).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden

---

[2] Specifically, Holcombe asks the Court to order AIT to fully respond to RFPs Nos. 4–6; 8–13; 15; 24–28; 50–54 (Dkt. #33 at p. 9; Dkt. #33, Exhibit 5 at pp. 42–47). In its latest responses to the RFPs, which AIT submitted to Holcombe on June 25, 2018, AIT claimed to produce documents in response to RFPs Nos. 4, 5, 8–13, 24, 50, 51, and 53 (Dkt. #36, Exhibit 6). In his reply to his motion to compel, Holcombe does not directly address any of the documents that AIT claimed to produce on June 25, 2018, and focuses entirely on AIT's response to his motion to compel (Dkt. #38).

[3] For purposes of this Order, the Court considered the objections and responses in AIT's latest responses to RFPs that AIT submitted on June 25, 2018 (Dkt. #36, Exhibit 6 at pp. 4–26; 29–36; 40–44.)

shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents ("RFPs"), electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.*

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a nonfrivolous argument for changing the law. Fed. R. Civ. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. Fed. R. Civ. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information— with respect to that part of the determination." *Id.*

**ANALYSIS**

Holcombe asks the Court to overrule AIT's objections and to order its compliance with the RFPs. The Court will take each RFP in turn, beginning with objections to specific RFPs and then addressing compulsion of documents.

**Objections**

Holcombe argues that AIT's objections to RFPs Nos. 4–6, 8–13, 15, 24–28, 50–52, and 54 should be overruled because they are boilerplate. Holcombe asserts that AIT did not fully respond to RFP No. 53 by only turning over "a meager 79 pages" and "[i]t is inconceivable that this is more than a small fraction of the requested documents." (Dkt. #33 at p. 6). AIT counters that its responses to the RFPs "provided proper objections, responses and/or produced documents" and Holcombe's objections are moot as a result (Dkt. #36 at p. 10). AIT asserts that its objections to RFP Nos. 4, 50, and 54 as irrelevant should be sustained (Dkt. #36 at pp. 10–11). AIT claims that "all responsive documents have been produced," concerning RFP No. 53, Holcombe "simply speculates that there are more documents responsive to [RFP No. 53,]" and Holcombe's "speculation is insufficient grounds for granting his motion particularly where all responsive documents have been produced." (Dkt. #36 at pp. 15–16). AIT finally declares that Holcombe did not prove that his discovery requests are proportional.

*a. "Without waiving" (i.e. "not waiving") language*

As an initial matter, the Court finds that AIT waived its objections to RFPs Nos. 4–6, 8–11, 13, 25–26, and 50–52 by including "not waiving" in its responses (Dkt. #36, Exhibit 6 at pp. 7–12; 16–17; 25; 41–42). The practice of including "subject to" or "without waiving" statements after objections is an age-old habit comparable to belts and suspenders. This practice is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal

Rules of Civil Procedure." *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813, at \*11 (N.D. Tex. Oct. 26, 2016) (quoting *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)). Such an objection and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered," *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at \*3 (S.D. Fla. Sept. 18, 2008), and "wondering as to the scope of the documents or information that will be provided as responsive." *Heller v. City of Dall.*, 303 F.R.D. 466, 487 (N.D. Tex. 2014).

Rule 34 does not allow this kind of hedging. Rule 34 allows a party either to "state that inspection and related activities will be permitted as required" or to "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B). If a party chooses to object to part of a request, the party "must specify the part and permit inspection of the rest." *Id.* 34(b)(2)(C). A response that states "not waiving" an objection is not specific enough as to either (1) the completeness of the answer or (2) the availability of documents for inspection. The Court finds that AIT's inclusion of "not waiving" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution. *See Carr*, 312 F.R.D. at 470.

By making so many of its responses to the RFPs "not waiving" certain objections, AIT failed to specify the scope of its answers in relation to the RFPs. This makes it impossible for Holcombe or the Court to assess the sufficiency of the responses. Therefore, AIT has waived each objection by including "without waiving" language in its responses. *See Carr*, 312 F.R.D. at 470. AIT shall fully supplement its responses to Holcombe's RFPs, consistent with the proper manner of responding or answering as laid out above.

*b. Boilerplate Objections*

Further, AIT waived the majority of its objections by making boilerplate objections. It is

well established that parties cannot make general or boilerplate objections to discovery requests.

*Heller*, 303 F.R.D. at 483 (N.D. Tex. 2014). Rule 34 requires that a response to an RFP "must

either state that inspection and related activities will be permitted as requested or state an objection

to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The party resisting discovery

"must show specifically . . . how each [request] is not relevant or how each question is overly

broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92

(3d Cir. 1982)). A party may not "refuse discovery simply by making a boilerplate objection that

it is not proportional." Rule 26(b)(1), advisory committee note (2015). Because "[i]n the face of

[general] objections, it is impossible to know whether information has been withheld and, if so,

why." *Heller*, 303 F.R.D. at 483 (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554,

at *1 (W.D. La. July 25, 2011)).

> AIT's responses to RFPs Nos. 4–6 and 15 all begin with the objection:
>
> Defendant objects to this request because it is overly broad, unduly burdensome, seeks irrelevant information and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

(Dkt. #36, Exhibit 6 at pp. 7–9; 13). AIT's responses to RFPs Nos. 8–10 and 28 all begin with the

objection:

> Defendant objects to this request because it is overly broad, seeks irrelevant information and otherwise not reasonably calculated to the discovery of admissible evidence.

(Dkt. #36, Exhibit 6 at pp. 10–11; 17–18). AIT's response to RFP No. 11 begins with the

objection:

Defendant objects to this request because it is vague and ambiguous.

(Dkt. #36, Exhibit 6 at p. 11). Finally, AIT's responses to RFPs Nos. 51, 52, and 54 all begin with the following objection:

Defendant objects to this request because it is overly broad and seeks irrelevant information and not reasonably calculated to the discovery of admissible evidence.

(Dkt. #36, Exhibit 6 at pp. 41–43). The Court deems that these objections are boilerplate and, in turn, AIT has waived them.

"Boilerplate" means "standardized text" or "ready-made or all-purpose language." *Boilerplate*, Merriam-Webster Collegiate Dictionary (11th ed. 2007); *Boilerplate*, Black's Law Dictionary (10th ed. 2014). AIT used the above objections on twelve of its twenty responses to the RFPs. This is the epitome of "standardized text."

Simply put, the above objections do not "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B). Therefore, AIT's failure to specify grounds for the above objections results in waiver of the objections. Fed. R. Civ. P. 34(b)(2)(B); *Keycorp*, 2016 WL 6277813, at *11.

Even if AIT did not waive these objections, AIT's objections are overruled. AIT has not met its burden to explain the specific and particular way that each request is overbroad, vague, or ambiguous after exercising reason and common sense to attribute ordinary definitions to terms and phrases used in the request. *Heller*, 303 F.R.D. at 491. Further, based on the Court's review, these requests are not so overbroad, vague, or ambiguous as to be incapable of reasonable interpretation and to prohibit AIT's response. This is particularly true with regard to AIT's objections to RFPs Nos. 4 and 50 where it irrationally and frivolously contends that Holcombe had "several hundred" co-workers (Dkt. #36, Exhibit 6 at p. 7). Even without the definition of co-workers[4] that Holcombe

---

[4] Dkt. #33, Exhibit 1 at p. 14.

provided, a reasonable interpretation of the term in the context of this lawsuit readily precludes it from encompassing every person working at Defendants' companies (Dkt. #36, Exhibit 6 at p. 7). AIT's non-boilerplate objection to RFP No. 54 also fails to explain why Steinmetz' retirement "20 months after [Holcombe's] termination from employment" serves as a viable objection and the Court sees no reason why it should be. After all, the "documents related to interviews of, recruitment of, and/or hiring [of] potential hiring applicants . . . to replace Steinmetz" could shed light on Holcombe's claim of age discrimination at Defendants' companies (Dkt. #36, Exhibit 6 at p. 43). Indeed, Holcombe requested documents that are readily relevant to his claim, Defendants' management of their companies as pertinent to his claim, and the events leading to his claim. Thus, these objections are overruled.

### c. Privilege & Confidentiality

AIT also objects to RFPs Nos. 13, 25, 26, and 27 based on privilege concerns and RFPs Nos. 6, 25, 26, and 27 based on confidentiality concerns. Regarding confidential and proprietary objections, Holcombe notes that a protective order already governs this case (Dkt. #33 at p. 5; Dkt. #24). To the extent that AIT is withholding any documents or information based on a confidentiality objection, those objections are overruled, and any responsive documents should be produced subject to the protective order. Finally, a privilege log must be produced for any documents, communications, or other materials withheld from production on privilege grounds. *See* Fed. R. Civ. P. 26(b)(5). Holcombe claims that AIT never produced such a log and did not even address this claim in their response. To the extent that AIT has not done so, the Court orders it to produce a privilege log for each assertion of privilege within seven (7) days of this order.

**Document Production**

For the Court to order production, Holcombe must show that AIT failed to produce documents or to permit the appropriate inspection. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete response suffices to show a failure to respond. *Id.* 37(a)(4). When some documents have been produced in response to a request, Courts have interpreted "evasive or incomplete" to place a modest burden on the requesting party to support, with existing documents, a reasonable deduction that other documents may exist or did exist but have been destroyed. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

*a. The Documents that the RFPs Request*

Holcombe argues that AIT should produce the documents that the RFPs request because they "are necessary for proper examination of age discrimination claims in cases of this kind." (Dkt. #33 at p. 6). Thus, Holcombe claims that the requested documents, along with the other information that the RFPs request are "relevant and proportional" to this matter (Dkt. #33 at p. 6). AIT generally counters that "[Holcombe] has not made the necessary proportionality showing here." (Dkt. #36 at p. 16).

Except for AIT's objections on the basis of privilege, the Court has already determined that AIT waived its objections to the RFPs and, indeed, overruled those objections notwithstanding AIT's waiver. However, a party will still not be compelled to produce documents if the request is overbroad or unduly burdensome on its face. *E.g.*, *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537–38 (D. Kan. 2003). The federal rules follow a proportionality standard for discovery. *See* Fed. R. Civ. P. 26(b)(1). Under Rule 26, a request must be proportional to the needs of the case when considering, "the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Holcombe's request is proportional. Documents concerning (1) the personnel files "showing performance evaluations, disciplinary documents, awards, complaints, financial agreements, safety records, time records, and attendance records" of Holcombe's co-workers and any employee who assumed his job duties; (2) the age of such employees; (3) investigations or disciplinary actions against such persons; (4) allegations of age discrimination by an employee or former employee; (5) discipline of current or former employees for age discrimination; (6) complaints involving Holcombe that contributed to the decision to terminate him; (7) the decision to terminate Holcombe; (8) business organization; (8) the management of labor relations; (9) meetings between Holcombe and human resources personnel; (10) the recruitment, vetting, and hiring of a controller in 2016; and (11) the recruitment, vetting, and hiring for a replacement controller for Richard Steinmetz—who was Holcombe's co-worker during the time period[5] and who also faced age discrimination as alleged in Holcombe's First Amended Complaint—are highly relevant and important to the issues at stake in this action (Dkt. #14 at pp. 6–7; Dkt. #36, Exhibit 6 at p. 7). Holcombe's claim centers on the decision to terminate his employment. This discovery may turn the case for either side. The amount in controversy is large. Holcombe's claimed harm due to Defendants' conduct is $1,952,835 (Dkt. #33 at p. 6). AIT allegedly has access to the communications requested and Holcombe does not. Finally, the burden is small, if not negligible, for a large company like AIT. Thus, AIT has wholly failed to convince the Court that any of the documents that the RFPs request are not relevant or proportional to this case.

---

[5] "'[T]ime period' refers to January 1, 2013 through the present." (Dkt. #33, Exhibit 1 at p. 5).

### b. Documents that AIT Claims Do Not Exist

In its response to RFPs Nos. 51 and 52, AIT stated that "there are no notes of the meeting that Plaintiff alleges took place in which William Pallante made certain comments to Richard Steinmetz or Plaintiff" and Sarah Geiser took no notes "with respect to any and all meetings she attended with William Pallante (whether others besides Geiser and Pallante were in attendance or not) from January 1, 2016 through August 31, 2016." (Dkt. #36, Exhibit 6 at p. 42). AIT also claims that there are no documents associated with RFPs Nos. 2, 7, and 17–20 (Dkt. #36, Exhibit 6 at pp. 6, 9, 14–15). Finally, AIT claims that there are no additional documents associated with RFP No. 53 for it to give to Holcombe despite his claim otherwise.

The Court cannot order a party to produce what it does not have. *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016). Holcombe is entitled to an unequivocal representation, under oath, that AIT has no such documents or meeting notes in its possession, custody, and control, and that it is not withholding any responsive meeting notes based on its objections or otherwise.

With regard to RFP No. 53, Holcombe certainly declared that AIT failed to turn over all of the requested documents but he did not satisfy the modest burden for the Court to deduce that there were any additional documents (Dkt. #33 at p. 6). *See Zubulake*, 217 F.R.D. at 313. Rather, Holcombe only directed the Court to the definition of the term "Document" in his Second Request for Production to AIT and to AIT's June 6, 2018 response to RFP No. 53 (Dkt. #33 at p. 6). Accordingly, the Court will not order any further production from AIT for RFP No. 53 and finds that Holcombe is entitled to an unequivocal representation, under oath, that AIT has produced all documents that it has in its possession, custody, and control, and that it is not withholding any responsive code based on its objections or otherwise.

Therefore, the Court orders AIT to provide all documents requested by the RFPs, to certify that all responsive documents have been produced, and to represent under oath that the requested documents, which AIT claims do not exist[6], do not exist, and that it has no such documents in its possession. The Court does not order AIT to provide the documents allegedly covered by the attorney client privilege—RFPs Nos. 12, 13, 25, 26, and 27. *Supra* at 8: "*c. Privilege & Confidentiality.*"

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Malcolm Holcombe's Motion to Compel (Dkt. #33) is hereby **GRANTED in part**.

It is further **ORDERED** that AIT shall produce all items in accordance with this order within seven (7) days.

It is further **ORDERED** that Holcombe may continue to conduct discovery for one hundred (100) days from the date of this Order.

It if further **ORDERED** that Holcombe may resume his depositions of Sarah Geiser and Richard Steinmetz.

**IT IS SO ORDERED.**

**SIGNED this 10th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] Specifically, AIT claims the documents that RFPs Nos. 2, 6, 7, 17–20, 51, and 52 seek do not exist (Dkt. #36, Exhibit 6).