# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MALCOLM HOLCOMBE, | § § | |
| v. | § § | Civil Action No. 4:17-CV-522 |
| | § | Judge Mazzant |
| ADVANCED INTEGRATION TECHNOLOGY and ADVANCED INTEGRATED TOOLING SOLUTIONS, LLC, | § § § § § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Rule 56(d) Motion for Extension of the Summary Judgment Response Date (Dkt. #52). After carefully considering the motion and corresponding response (Dkt. #53) and reply (Dkt. #54), the Court concludes that the motion should be granted.

## BACKGROUND

Plaintiff Malcolm Holcombe ("Holcombe") filed suit against Defendants Advanced Integration Technology and its subsidiary, Advanced Integrated Tooling Solutions, LLC, for violating the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. Holcombe alleges that Defendants discriminated against him based on age when Defendants changed his job title and fired him. Holcombe was 59 years old at the time. Defendants, on the other hand, maintain that Holcombe was terminated due to a company reorganization.

On December 14, 2017, Holcombe requested documents from Defendants concerning his termination, the personnel files kept on his co-workers and those who assumed his responsibilities, allegations of age discrimination by any employee or former employee, and meetings between Holcombe and human resources personnel, among other documents (Dkt. #33, Exhibit 1 at p. 26). Defendants responded to these requests in late February of 2018 (Dkt. #33, Exhibit 6 at pp. 2-6).

A few weeks later, Holcombe told Defendants that their production appeared incomplete. Defendants responded that they would supplement this production "soon" (Dkt. #33, Exhibit 6 at p. 11), but did not timely follow through, prompting Holcombe to delay taking depositions and to file a motion to compel (Dkt. #33) with a supporting declaration on why its requests are relevant (Dkt. #33, Exhibit 6).[1]

In the motion, Holcombe asked the Court to direct Defendants to produce all responsive documents that had yet to be produced and to, after reviewing these documents, allow Holcombe to continue deposing Sarah Geiser, Defendants' HR representative, and Richard Steinmetz, who allegedly also suffered age discrimination from Defendants. Holcombe also asked the Court to allow him to respond to any forthcoming summary judgment motion after the completion of discovery, expressing concern that Defendants' failure to timely produce these documents had "put [him] at a severe disadvantage" as time would be "needed to review the documents that Defendants should have produced by the end of February 2018" (Dkt. #33 at p. 9) (quoting Dkt. #33, Exhibit 5 at p. 39). Holcombe's counsel added in a declaration that, because depositions were delayed pending the production of the requested documents, he had not been able to ask Defendants' witnesses questions about the reorganization that purportedly led to Holcombe's termination—such as "[w]ho did what, when they did it, who survived, who did not survive (apparently only Plaintiff), why some were kept, why Plaintiff was not kept, whether Defendants thought about keeping Plaintiff, and if not, why not" (Dkt. #38, Exhibit 18 at p. 7).[2]

---

[1] The motion to compel and its related filings have been incorporated by reference in Holcombe's motion and reply (Dkt. #52 at p.6; Dkt. #56 at p.2).

[2] Defendants previously moved to strike this declaration because that it contains legal arguments (Dkt. #39). As indicated in the order denying the motion as moot, the Court has only considered the declaration to the extent it contains facts that Plaintiff's counsel can attest to, such as what he would ask a deponent at a deposition, and not to the extent it makes legal arguments.

The Court ultimately directed Defendants to "provide all documents requested by the RFPs [and] to certify that all responsive documents have been produced," explaining that these documents "are highly relevant and important to issues at stake in this action" because "Holcombe's claim centers on decision to terminate his employment" and, as a result, "may turn the case for either side" (Dkt. #49 at pp. 10, 12). The Court also granted Holcombe's request to continue the depositions, permitted discovery to continue for 100 days from the date of the order, and, by separate order (Dkt. #50), set a date by which Holcombe should respond to Defendants' newly-filed summary judgment motion. Defendant subsequently supplemented the 429-page production they had previously produced with an additional 1200 pages in mid-August of 2018.

Holcombe now renews its request for additional time to respond to Defendants' motion for summary judgment, which Defendants filed before supplementing their production. Holcombe's counsel reiterates, in a sworn declaration (Dkt. #52, Exhibit 1), that he cannot adequately review the newly-produced documents or conduct all necessary depositions in time to respond to the motion for summary judgment.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 56(d), courts may "defer considering [a] motion or deny it," "allow time to obtain affidavits or declarations or take discovery," or "issue any other appropriate order" where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Rule 56(d) motions are "'broadly favored'" and "'liberally granted.'" *See Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 348-49 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Accordingly, when the party opposing summary judgment has shown (1) "specifically how the requested discovery pertains to the pending motion," *see Wichita Falls Office*

*Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992), and (2) that it has made "diligent efforts to obtain evidence from the moving party . . . a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," *see Castro v. Texas Dept. of Criminal Justice*, 541 F. App'x 374, 377 (5th Cir. 2013) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)). After all, the federal rules are "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1 (emphasis added), and it would be manifestly unjust, and potentially very inefficient and costly, to grant summary judgment without allowing the opposing party a full opportunity to respond based on a procedural technicality. *See, e.g., Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017) (per curiam) (reversing lower court's refusal to allow plaintiff to supplement the summary judgment record with potentially material evidence and instructing the lower court to, on remand, "construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality") (citing Fed. R. Civ. P. 1).

## ANALYSIS

Construing Rule 56(d) in an attempt "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court will grant Defendants' renewed request for additional time to respond to the motion for summary judgment.[3]

Holcombe has plainly shown that the documents he needs to review and the depositions he needs to take are sufficiently relevant to the summary judgment motion. The summary judgment

---

[3] Although the Court previously denied this request when considering the motion to compel, it now finds it appropriate to grant this request for the reasons described herein. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) ("Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change or clarification of the substantive law.'") (quoting *Lavespere v. Niagara Mach. & ToolWorks, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

4

motion turns on whether a jury could reasonably find that Defendants discriminated against Holcombe based on his age or not, a "fact-specific" question. *See Wesley v. General Drivers, Warehousemen and Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)). The recently-produced documents Holcombe needs to review and to ask about in upcoming depositions concern Holcombe's termination, the personnel files kept on his co-workers and those who assumed his responsibilities, allegations of age discrimination by an employee or former employee, and meetings between Holcombe and human resources personnel, among other topics. As the Court previously found, and as explained in more detail in a supporting declaration filed by Holcombe's counsel (Dkt. #33, Exhibit 6; Dkt. #49, Exhibit 18), these documents may clearly "may turn the case for either side" (Dkt. #49 at pp. 10, 12). *See Foresta v. Centerlight Capital Mgmt., LLC*, 379 F. App'x 44, 47 (2nd Cir. 2010) (reversing summary judgment where the additional discovery needed to respond "was essential to the District Court's proper consideration of the *Reid* factors" and not a "fishing expedition"). Holcombe's counsel also attests that, at the depositions that were stalled while he awaited Defendants' full production, he will ask Defendants' witnesses questions about the reorganization that purportedly led to his client's termination—namely "[w]ho did what, when they did it, who survived, who did not survive (apparently only Plaintiff), why some were kept, why Plaintiff was not kept, whether Defendants thought about keeping Plaintiff, and if not, why not" (Dkt. #38, Exhibit 18 at p. 7). These questions plainly relate to the merits of Defendants' summary judgment motion.

Additionally, Holcombe's request for an extension is not due to a lack of diligence on his part or his counsel's, as evidenced by the detailed declaration Holcombe's counsel previously submitted to the Court which outlines his attempts to secure the requested documents (Dkt. #33,

5

Exhibit 6 at pp. 10-16). To the contrary, while Defendants now suggest that Holcombe's counsel should be blamed for his inability to timely review the documents or schedule depositions sooner, the record suggests that Holcombe only now needs time to review the documents and schedule various depositions because *Defendants failed* to timely produce responsive documents that were requested nearly a year ago.[4] *See Carmona v. Toledo*, 215 F.3d 124, 133 (1st Cir. 2000) (reversing summary judgment where "the supervisors' responses to plaintiffs'' discovery requests appear to have been meager, untimely, and incomplete"). Forcing Holcombe to respond to a summary judgment before he had an opportunity to review or to depose Defendants' witnesses about these documents would be unjust, *see Baltodano v. Merck, Sharp & Dohme (I.A.) Corp.*, 637 F.3d 38, 42 (1st Cir. 2011) ("Baltodano, who contends discriminatory animus drove his discharge, cannot make such a rebuttal because he has not 'had a fair chance to obtain necessary and available evidence from the other party.' *Carmona*, 215 F.3d at 133. Indeed, Merck has fought tooth and claw to keep from disclosing certain information *even after agreeing to disclose it*.") (emphasis in original), and reward Defendants for their refusal to timely produce documents in response to highly relevant discovery requests, *see Carmona*, 215 F.3d at 133 (warning that granting summary judgments under these circumstances would encourage defendants to "'stonewall' during discovery—withholding or covering up key information that is otherwise available to them.").

Defendants complain, using a "sports analogy," that they should not be prejudiced merely because Holcombe hopes "to run out the clock on Defendants' motion" (Dkt. #55 at pp. 11-12). The Court fails to see how Defendants would be materially prejudiced by the extension.

---

[4] Defendants also suggest that Holcombe failed to act diligently because he did not renew his request to the extend the summary judgment response date until October 20, 2018, seventeen (17) days after the motion for summary judgment was filed. This suggestion is misleading. The Court allowed Holcombe to wait until that date to file his response. Regardless, the Fifth Circuit has stated that a party need only request an extension "prior to the court's ruling on summary judgment." *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

Defendants already had access to these documents when they filed the motion for summary judgment, *see Austin*, 864 F.3d at 336-37 (finding that the defendant was not prejudiced by plaintiff's request to supplement the summary judgment record *with plaintiff's expert report* because defendant had access to this report before filing its summary judgment motion) (emphasis added), and any delay in the adjudication of the summary judgment motion is minor relative to the risk of dismissing a meritorious claim, *see id.* at 337 (instructing the lower court to, on remand, "construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality") (citing Fed. R. Civ. P. 1). In any event, any prejudice Defendants would suffer is due to their own failure to timely produce documents in response to highly-responsive requests.

## CONCLUSION

Accordingly, Plaintiff's Rule 56(d) Motion for Extension of the Summary Judgment Response Date (Dkt. #52) is **GRANTED**. The deadline to respond to Defendants' Motion for Summary Judgment (Dkt. #41) is now November 19, 2018.

**SIGNED this 10th day of October, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE