# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| MALCOLM HOLCOMBE, | § | |
|---|---|---|
| | § | |
| v. | § | Civil Action No. 4:17-CV-522 |
| | § | Judge Mazzant |
| ADVANCED INTEGRATION | § | |
| TECHNOLOGY and ADVANCED | § | |
| INTEGRATED TOOLING SOLUTIONS, | § | |
| LLC, | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (Dkt. #41). After considering the motion and all relevant pleadings, the Court concludes that Defendants' motion should be denied.

## BACKGROUND

Plaintiff Malcolm Holcombe has filed suit against Advanced Integration Technology ("AIT") and Advanced Integrated Tooling Solution ("AITS") (collectively, "Defendants") for violation of the Age Discrimination in Employment Act ("ADEA"). Holcombe contends that, in 2016, Defendants gradually stripped him of his responsibilities, demoted him from Director of Manufacturing Operations to Director of Business Operations, and fired him.

Holcombe believes these actions were motivated by age discrimination. He cites Defendants' decision to delegate at least some of his responsibilities to younger employees (Dkt. # 41, Exhibit 1 at p. 16; Dkt. #41, Exhibit 3 at p. 30; Dkt. #85, Exhibit 8 at p. 3; Dkt. #85, Exhibit 32 at p.7)—even though at least one of those employees lacked the necessary experience to perform those duties (Dkt. #85, Exhibit 32 at p.7). Holcombe adds that, although at least one person who assumed his responsibilities was around Holcombe's age, that person was replaced by

a 30-something year old a year later (Dkt. #85, Exhibit 20 at p. 6). Holcombe also cites comments made by those involved in the decision-making process that purportedly raise an inference of bias against older workers (Dkt. #41, Exhibit 2 at p. 53; Dkt. #85, Exhibit 32 at p.7). For example, Holcombe notes that AITS Vice President William Pallante insinuated that Holcombe dressed like an old man (Dkt. #41, Exhibit 2 at p. 53)—a comment which AITS Human Resources Manager Sarah Geiser said would violate the company's policy against age discrimination (Dkt. #85, Exhibit 9 at p.18).

Defendants deny that Pallante made this comment, or that age played any role in their decisions to strip Holcombe of his responsibilities, change his job title, or fire him (Dkt. #41, Exhibit 6 at pp. 3-5). Defendants, instead, insist that they stripped Holcombe of his responsibilities because others were better suited for those duties (Dkt. #41, Exhibit 6 at p. 3). They also maintain that Holcombe was terminated only due to a company organization that eliminated Holcombe's position as the Director of Business Operations (Dkt. #41, Exhibit 6 at p. 4)—a document identifying "Business Operations" as part of AITS' "future vision" for "2018/2019" apparently notwithstanding (Dkt. #85, Exhibit 5 at p.3). Defendants now move for summary judgment.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor

of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court finds that there are material issues of fact that prohibit the Court from granting Defendants judgment as a matter of law. The case should proceed to trial as a result.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. #41) is **DENIED**.

**SIGNED this 21st day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE