# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| MALCOLM HOLCOMBE, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:17-CV-522 |
| | § | Judge Mazzant |
| ADVANCED INTEGRATION | § | |
| TECHNOLOGY and ADVANCED | § | |
| INTEGRATED TOOLING SOLUTIONS, | § | |
| LLC, | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Malcolm Holcombe and Defendants Advanced Integration Technology and Advanced Integration Tooling Solutions, LLC's respective Motions in Limine (Dkt. #61; Dkt. # 62). Plaintiff seeks to exclude evidence concerning unemployment benefits he received after Defendants terminated him. And Defendants seek to exclude evidence concerning (1) their actions after receipt of a letter containing Plaintiff's EEOC charge, (2) an age discrimination complaint made on their internal hotline, and (3) an employment separation agreement they asked Plaintiff to sign. The Court addresses each category of evidence in turn.[1]

I.  **Receipt of Unemployment Income**

District courts have discretion on whether to offset an age discrimination plaintiff's recovery by benefits he may have received from collateral sources after termination, such as unemployment compensation. *See Johnson v. Chapel Hill Independent School Dist.*, 853 F.2d 375, 382 (5th Cir. 1988) ("The district court has discretion to decide whether unemployment compensation should be deducted from a back pay or front pay award."). The parties each assume that Plaintiff's motion in limine turns on how the Court should exercise this discretion. Plaintiff

---

[1] The Court addressed the other points of contention in these motions by separate order (Dkt. #94; Dkt. #95).

argues that an offset is improper in this case and, as a result, his receipt of unemployment income or any other similar benefits should be excluded as irrelevant evidence under Federal Rule of Evidence 403. *See* FED. R. EVID. 403 (permitting the exclusion of "relevant evidence if its probative value is substantially outweighed" by undue prejudice). Defendants, on the other hand, insist that an offset is appropriate and that Holcombe's receipt of unemployment benefits is relevant as a result. At this time, the Court fails to see how Plaintiff's receipt of benefits post-termination is relevant to the jury's determination—regardless of whether Plaintiff's recovery is offset by benefits he received post-termination. After all,

> [T]hough the Court may have discretion to reduce any jury award by the amounts received from these benefits, this discretion belongs to the Court and not the jury. As such, any submission of these benefits to the jury for the purpose of reducing damages would be improper.

*See Equal Emp't Opportunity Comm'n v. Vicksburg Heatlhcare, LLC*, No. 3:13-cv-895-KS-MTP, 2017 WL 218837, at *2 (S.D. Miss. Jan. 18, 2017). Plaintiff's motion in limine concerning his receipt of unemployment benefits will thus be granted.

II. **Defendants' Response to Plaintiffs' EEOC Charge & Letter**

Defendants seek to exclude Defendants' response to a letter Plaintiff sent to Defendants containing Plaintiff's EEOC charge (the "Letter"). They contend that any such response "sheds no light on why Plaintiff was terminated" since these actions occurred post-termination, and also express concerns of undue prejudice (Dkt. #61 at p. 3). They note, for example, that "Plaintiff may seek to introduce evidence . . . claim[ing] that Defendants did not . . . investigat[e] Plaintiff's age discrimination claim" after learning of the charge, which could "mislead the jury to erroneously conclude that Defendants violated the ADEA by not internally investigating that charge or responding to Plaintiff's counsel's letter" while "shed[ing] no light on why Plaintiff was terminated" since these actions occurred post-termination (Dkt. #61 at p. 3). The Court is

2

unconvinced. Excluding evidence on Defendants' responses to Plaintiff's EEOC charge would materially limit Plaintiff's ability to challenge their version of the events. For instance, Defendants will presumably cite to their age discrimination policies as relevant evidence of their commitment against age discrimination—as they did in their motion for summary judgment (Dkt. #41 at p. 8). Defendants' decision not to investigate Plaintiff's age discrimination claim is relevant evidence challenging that narrative. *See Trujillo v. PacifiCorp*, 524 F.3d 1149, 1159 (10th Cir. 2008) ("We also consider the failure to interview Dan Michaelis in the course of the investigation a significant circumstance contributing to the inference of discrimination."). Defendants may also cite their decision to hire Richard Steinmetz, who is roughly the same age as Plaintiff, as relevant evidence of their non-discriminatory intent. Categorically excluding all evidence concerning how Defendants responded to the Letter would, in effect, prevent Plaintiffs from asking Defendants whether they only hired Steinmetz as a response to the EEOC charge, one of Plaintiffs' theories of the case. While the Court appreciates Defendants' concern about confusing the jury, this concern does not "substantially outweigh[]" the probative value of this evidence.[2] *See* FED. R. EVID. 403.

III. **Complaint on Internal Hotline in March of 2016**

Defendants seek to exclude evidence and testimony about a job applicant/temporary worker's complaint to Defendants' internal complaint hotline in March of 2016 and Defendants' response to that complaint. This person apparently complained that, in a job interview for a permanent position, one of Defendants' hiring managers asked him about his age. Defendants

---

[2] Defendants also argue that their response to the Letter should be excluded because it stems from the receipt of a settlement offer. The Court will not exclude Defendants' responses to the Letter at this time because, as briefed, there is no indication that either party intends to introduce evidence regarding the actual settlement negotiations, which would generally be prohibited under Federal Rule of Evidence 408. *See Buckhanan v. Shinseki*, 665 F. App'x 343, 348-49 (5th Cir. 2016) ("To determine whether a conversation falls under Rule 408, the court must determine 'whether the statements or conduct were intended to be part of the negotiations toward compromise.'") (quoting *MCI Commc'n Servs, Inc. v. Hagan*, 641 F.3d 112, 116-17 (5th Cir. 2011)). But the Court notes that, on proper objection, it may still exclude evidence concerning how Defendants responded to the Letter to the extent there are proper grounds to do so.

contend this complaint has no probative value to Plaintiff's claims because the applicant who made the complaint was not similarly situated to Plaintiff—noting, for example, that the manager who asked the job candidate this question was not a decision maker in Plaintiff's case. The Court disagrees. This incident occurred around the time Plaintiff was discriminated due to age discrimination and Sarah Geiser, an AITS HR Manager involved in the decision to terminate Plaintiff, played at least some role in investigating the complaint. It plainly has some probative value—especially considering Plaintiff's theory of the case: that Defendants used a *company-wide reorganization* as a pretext to discriminate against older employees such as himself.[3] *See Schlz v. Hickok Mfg. Co., Inc.*, 358 F.Supp. 1208, 1212 (N.D. Ga. 1973) ("[E]vidence of the defendant's behavior is decidedly relevant to the court's determination of the reasons behind plaintiff's discharge. Thus, in *Danner v. Phillips Petroleum Co.*, 447 F.2d 159 (5th Cir. 1971), *reh. den.* 450 F.2d 881 . . . evidence concerning the seniority and bidding rights of other female employees of the defendant company was found to be not only relevant but also very persuasive evidence bearing on plaintiff's claim under Title VII.").[4]

Defendants suggest that any probative value this evidence may have is outweighed by the prejudice that would result, citing the Fifth Circuit's concern that, in some circumstances, employers may be "effectively force[d] . . . to defend 'mini-trials' on other employees' claims of

---

[3] Defendants argue that, in the Fifth Circuit, "'me too' evidence that another employee was discriminated against is only probative" if the circumstances surrounding both complaints of discrimination are substantially similar (Dkt. #61 at p.4). However, the Fifth Circuit case which Defendants cites—which concerns *comparator* evidence between the plaintiff and another employee not in the protected class—only stand for the proposition that a comparator must be substantially similarly situated to the plaintiff for that evidence to be *dispositive*. *See Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (explaining that, "*to establish* disparate treatment a plaintiff must show that the employer 'gave preferential treatment to [] [another] employee under 'nearly identical circumstances'") (emphasis added). It does not follow that evidence of how a defendant treated others *in the same protected class* as the plaintiff lacks any *probative* value. *See Better Beverages, Inc. v. United States*, 619 F.2d 424, 429 (5th Cir. 1980) ("Evidence probative of this value is, by definition, *somewhat indicative* of what any given seller might reasonably have expected to receive for such items.") (emphasis added).

[4] *See also Koppman v. S. Cent. Bell Tel. Co.*, No. 90-4503, 1992 WL 280793, at *7 (E.D. La. July 12, 1992) ("'The general rule is that the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent.'") (quoting *Spulak v. K-Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)).

discrimination." *See Lawson v. Graphic Packaging Intern. Inc.*, 549 F. App'x 253, 256 (5th Cir. 2013). However, the Fifth Circuit has also made clear that this concern can be properly addressed by objections in trial. *See id.* (noting that the district court properly "struck a considered balance" between this concern and the probative value of this evidence by "'sustain[ing]' GPI's objection to detailed testimony" while permitting more limited testimony). Defendants' motion in limine as to the age-discrimination complaint on their internal hotline and the subsequent investigation will be denied for these reasons.

IV. **Separation Agreement and Release**

Defendants seek to exclude evidence concerning a separation agreement and release (the "Separation Agreement") they presented to Plaintiff after he was terminated. Defendants contend that, because the Separation Agreement includes a general release of claims, the Separation Agreement is a settlement offer excluded under Federal Rule of Evidence 408. Rule 408 makes offers "in compromising or attempting to comprising [a] claim" and "conduct or a statement made during compromise negotiations about [that] claim" generally inadmissible. *See* FED. R. EVID. 408. The Court disagrees. Although the Fifth Circuit has yet to weigh in, *see Haun v. Ideal Indus, Inc.*, 81 F.3d 541, 547& n.3 (5th Cir. 1996) (expressly declining to do so), several courts have held that a termination letter containing a general release is not excluded under Rule 408. *See, e.g., Williams v. United States Envtl. Servs., LLC*, No. CV 15-168-RLB, 2016 WL 617447, at *3 (M.D. La. Feb. 16, 2016); *Seasonwein v. First Montauk Secs. Corp.*, 324 F. App'x 160, 162-63 (3d Cir. 2009); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342-43 (9th Cir. 1987).[5] This is

---

[5] *See also Big O Tires Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372-73 (10th Cir. 1977) (affirming admissibility of various communications because "[t]he discussions had not crystallized to the point of threatened litigation, a clear cut-off point, until after October 10, the date of the conversations between Big O's president and Goodyear's executive vice-president"), *cert. dismissed*, 434 U.S. 1052 (1978); *accord JPA, Inc. v. USF Processors Trading Corp. Inc.*, No. 3:05-cv-0433-P, 2006 WL 740401, at *11 (N.D. Tex. March 15, 2016); *Ferguson v. F.D.I.C.*, No. 3:91-cv-2494-D, 1997 WL 135597, at *2 (N.D. Tex. March 19, 1997) (Fitzwater, J.).

because, at the time the termination letter was presented in these cases, there was no indication that the plaintiff had any discussion with Defendants about whether they engaged in actionable conduct. *See Williams*, 2016 WL 617447, at *3-*4 (citing *Cassino*, 817 F.2d at 1342-43) (explaining that the employer simply tried to tie severance to "the release of potential claims," without any indication from the plaintiff that any such claims would be brought); *accord Seasonwein*, 324 F. App'x at 162-63. After all, although "[l]itigation does not need to have commenced for Rule 408 to apply, . . . there must be an actual dispute or a difference of opinion" between the parties. *See MCI Commc'n Servs, Inc. v. Hagan*, 641 F.3d 112, 116-17 (5th Cir. 2011) ("Coudrain may have intended the call to begin the process of settlement discussions, but because there was not yet an actual dispute his statement likely cannot qualify as a negotiation toward compromise."). The Court sees no reason to find differently. Plaintiff had not filed his EEOC charge, let alone this lawsuit, at the time Defendants presented him the Separation Agreement. Nor have Defendants cited any evidence indicating that, at this time, Plaintiff gave Defendants any reason to suspect that he believed his termination would violate the ADEA. *See Lyondell Chem.*, 608 F.3d at 295 ("As the party objecting to the admission of such a communication, Occidental has the 'burden of proving the preliminary facts required to show . . . inadmissibility.'"). The Court cannot conclude the Separation Agreement is excluded under Rule 408 as a result.

Defendants also contend that the Separation Agreement should be excluded under Rule 403 because it "is not probative of any contested issue concerning age discrimination and bears a high risk of confusing issues before the jury" (Dkt. #61 at p.7). Here too, the Court disagrees. The Fifth Circuit has expressly found similar evidence to be probative of age discrimination. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 482 (5th Cir. 2007) ("Haggar's unsuccessful efforts to have Palasota release it from ADEA claims upon his termination tended to show that

Haggar had knowingly violated the ADEA or recklessly disregarded whether its conduct toward Palasota was prohibited by the statute."). And, while it is possible that this evidence is prejudicial, Defendants have failed to provide any explanation as to what prejudice they would suffer, thereby waiving this argument.[6] *See* FED. R. CIV. P. 7(b) (requiring motions to "state with particularity the grounds for seeking the order"). The Court cannot find the Separation Agreement excluded under Rule 403 for these reasons.

Accordingly, Plaintiff's motion in limine is **GRANTED** as to his receipt of unemployment benefits (Dkt. #62) and Defendants' motion in limine is **DENIED** as to Defendants' actions after receipt of the Letter, an age discrimination complaint on Defendants' internal hotline, and a separation agreement presented to Plaintiff post-termination (Dkt. #61).

**SIGNED this 14th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] Defendants, instead, assert that there is "a high risk of confusing issues before the jury" before citing an unpublished case, outside of this circuit, that does not comment on whether a separation agreement would be prejudicial. *See McPaul v. UPMC*, No. 2:06-cv-1345, 2009 WL 10690088, at *4-*5 (W.D. Pa. May 13, 2009) (noting the defendant's argument that a post-termination severance agreement is prejudicial—without explaining why the defendant believed the agreement was prejudicial or commenting on whether the court agreed with the defendant's assessment).